[Cite as *State v. Crawford*, 2017-Ohio-8849.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.        28534 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CHARLOTTE CRAWFORD | STOW MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     2016 CRB 2411 |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2017

---

CARR, Judge.

{¶1}    Defendant-Appellant, Charlotte Crawford, appeals from her conviction in the Stow Municipal Court.  This Court affirms.

I.

{¶2}    During the timeframe relevant to this appeal, Crawford lived in an apartment building in Tallmadge.  One of her neighbors began noticing scratches on her car, so she eventually installed a security camera.  The motion-activated camera was mounted on the outside of the apartment building and faced the front of the neighbor's car.  The neighbor checked her car for scratches each day and, one morning, she noticed a new scratch along the rear driver's side panel.  She then reviewed the security footage from earlier that morning and saw Crawford on the video, walking alongside her car and touching it in the area of the scratch.  There was testimony that Crawford and her neighbor did not get along and had a history of arguing with one another.  After reviewing the video, the neighbor contacted the police to report the incident.

{¶3} Subsequently, a criminal complaint was filed against Crawford for one count of criminal damaging in violation of R.C. 2909.06. The matter proceeded to a bench trial, at the conclusion of which the court found Crawford guilty. The court sentenced her to a suspended jail sentence, a fine, and restitution, but agreed to stay her sentence for purposes of appeal.

{¶4} Crawford now appeals from her conviction and raises one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

THERE WAS INSUFFICIENT EVIDENCE TO CONVICT [] CHARLOTTE CRAWFORD OF CRIMINAL DAMAGING AS A MATTER OF LAW[.]

{¶5} In her sole assignment of error, Crawford argues that her criminal damaging conviction is based on insufficient evidence. We disagree.

{¶6} A review of the sufficiency of the State's evidence and the manifest weight of the evidence adduced at trial are separate and legally distinct determinations. *State v. Gulley*, 9th Dist. Summit No. 19600, 2000 Ohio App. LEXIS 969, *3 (Mar. 15, 2000). When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id.* at paragraph two of the syllabus.

{¶7} "No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent * * * [k]nowingly, by any means * * *." R.C. 2909.06(A)(1). "'Physical harm to property' means any tangible or intangible damage to property that, in any degree, results in loss to its value * * *." R.C. 2901.01(A)(4). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). Whoever commits the foregoing offense is guilty of criminal damaging. R.C. 2909.06(B).

{¶8} Crawford's neighbor testified that she lived in the same apartment complex as Crawford and that the two had a poor relationship and a history of arguing. The neighbor routinely parked her car outside and, about a year before this incident, she began noticing that scratches would sometimes appear on her car. The neighbor decided to install a security camera outside, so she obtained a permit and contacted a local company. The company then mounted a motion-activated camera on the apartment building and angled it so that it displayed her car from the front. The camera was linked to her laptop, such that she could review recorded footage.

{¶9} The neighbor testified that she routinely checked her car for scratches each night. About a month after installing the camera, she noticed a new scratch on the driver's side rear panel. She then reviewed the recorded security footage and saw Crawford walking alongside her car and touching her car in the location of the scratch. The timestamp on the recording showed Crawford touching the car at 8:50 a.m. The car then remained parked in the same location until 11:50 a.m., at which point the neighbor contacted the police to report the incident. The neighbor

testified that no one else appeared on the recording between 8:50 a.m. and 11:50 a.m. She also confirmed that the scratch was not present the previous evening, when she checked her car.

{¶10} The State introduced a recording of the security footage at trial. The recording depicts a woman, later identified as Crawford, approach the neighbor's car from behind and walk between it and another car. As she approaches the back of the neighbor's car, Crawford surreptitiously reaches into her pocket and touches the rear driver's side panel of the car as she walks. She then quickly places her hand back into her pocket and continues to walk until she reaches the front of the car. At that point, she turns to the adjacent car and looks at it for several moments before walking again, stopping, and looking back at the adjacent car.

{¶11} Officer Bernard Cirullo responded to the neighbor's call and reviewed the security footage. He also took pictures of the neighbor's car and identified a scratch several inches in size on the rear driver's side panel. After the neighbor identified Crawford as the woman on the security footage, he went to Crawford's apartment to speak with her. He testified that Crawford initially denied scratching the car, but became "very, very upset" when he showed her the security footage. He specified that she then expressed "complete anger and frustration * * * and talked about her illness and that she couldn't make it to court." Officer Cirullo acknowledged that it was not possible for him to tell from the security footage whether Crawford actually had an item in her hand when she touched the neighbor's car. He opined, however, that the scratch he saw could have been made by a small item such as a ring.

{¶12} Crawford argues that her conviction is based on insufficient evidence because no one saw her actually scratch her neighbor's car. She concedes that she appears on the security recording and that it depicts her touching the driver's side rear panel. She argues, however, that

the recording does not show her holding anything capable of causing a scratch. According to Crawford, she simply touched the car, so she did not knowingly cause physical harm to it.

{¶13} Viewing the evidence in a light most favorable to the State, a rational trier of fact could have concluded that the State proved the elements of criminal damaging beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d 259 at paragraph two of the syllabus. Crawford's neighbor specifically testified that she checked her car the evening before Crawford touched it and it was not scratched. She testified that she and Crawford had a poor relationship and that she had noticed scratches appearing on her car for some time before this incident. Meanwhile, the security footage depicted Crawford walking between two cars for no apparent reason, surreptitiously reaching into her pocket, touching the neighbor's car in the location of the scratch, and then quickly returning her hand to her pocket. There also was testimony that Crawford became "very, very upset" when Officer Cirullo confronted her with the security footage. A rational trier of fact could have concluded that Crawford knowingly scratched her neighbor's car to damage it. *See* R.C. 2909.06(A)(1). Accordingly, Crawford's argument that the State failed to satisfy its burden of production lacks merit. Her sole assignment of error is overruled.

## III.

{¶14} Crawford's sole assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

BARBARA J. ROGACHEFSKY, Attorney at Law, for Appellant.

MEGAN E. RABER, Director of Law, and JOHN A. SCAVELLI, JR., Assistant Director of Law, for Appellee.